IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ESTER VAN FAIR | § | CASE NO. 04-60548 |
| Debtor | § | |

### MEMORANDUM AND ORDER
### GRANTING IN PART AND DENYING IN PARTY THE DEBTOR'S
### MOTION TO AVOID LIEN (doc # 14)

The Debtor filed a motion to avoid the encumbrance for owelty held by Margaret Johnson ("Johnson"), Debtor's former spouse, against a mobile home and an automobile repair shop (doc # 14). For reasons set forth below, the Debtor's motion is granted as to the acreage and mobile home and denied as to the car repair business and the assets involved in that business.

### FACTS

The Debtor married Wanda Fair some time prior to 1994. The Debtor and Wanda Fair purchased 7 acres of land in 1994. They divorced in 1996.

The Debtor married Johnson in 1997. They had no children. Johnson and the Debtor started an auto repair business and Johnson worked with the Debtor in the business for a time. The business build a tin shed on the 7 acres of land that the Debtor had owned prior to the marriage. The building was financed by third party debt. The Debtor and Johnson lived in a mobile home that the Debtor owned prior to his marriage to Johnson.

The Debtor and Johnson divorced in 2004. The divorce decree "awarded" Johnson full ownership of a mobile home located at 665 West Ward, Goliad, Texas, although both the Debtor and Johnson testified that the Debtor owned the mobile home prior to the marriage and that Johnson never owned any part of it. The divorce decree also awarded the Debtor "[t]he shop and property located at 2426 Highway 59, Goliad, Texas."

The divorce decree further awards Johnson $14,000.00 for partition of the homestead and awards an encumbrance for owelty of partition against the mobile home. The divorce decree awards $44,000.00 as a judgment and Lien to Equalize Division and awards an encumbrance for owelty of partition in that amount against an automotive repair shop including all inventory, tools, machinery and bank accounts, and $1,500 in attorney's fees for Johnson as necessary support.[1] To pay these

---

[1] Owelty of partition is defined as: "A sum of money paid by one of two coparceners or co-tenants to the other, when a partition has been effected between them, but, the land not being susceptible of division into exactly

amounts in full, the divorce court ordered the Debtor to sign a note and deed of trust and pay Johnson $2,000.00 per month on each encumbrance. The Debtor failed to make any payments to Johnson.

The Court concludes that these awards were a division of property and not an award for support or maintenance.

## LEGAL ANALYSIS

The Debtor argues that Johnson's lien impaired his exemptions, and can be avoided under Section 11 U.S.C. § 522(f). To avoid a lien under that section, the Debtor must prove: (i) that the lien was fixed on an interest of the debtor in property, (ii) that the lien impairs an exemption to which the debtor would be entitled under the Bankruptcy Code, (iii) that the lien is a judicial lien, (iv) that the lien is not in the nature of alimony, maintenance or support under a divorce or separation decree, and (v) that the lien has not been assigned to another entity. There is no dispute about the last item, and therefore the Court will not address it.

*Does the lien attach to an interest of the Debtor in property?*

The owelty lien in this case was not abstracted, and the parties dispute whether that precludes the lien from attaching to the property in question. *Day v. Day*, 610 SW 2d 195 (Tex. Civ. App. 1980) holds that, at least between the parties, the lien need not be abstracted or recorded because it is an equitable lien effected by judicial action and not a judgment lien.[2] *See also In re Miller,* 58 B.R. 192 (Bankr. S.D. Tex. 1985). Whether the lien is a "judical lien" for bankruptcy purposes is discussed below.

In *Farrey v. Sanderfoot* 500 U.S. 291 (1991) the Supreme Court held a debtor may not avoid a lien under § 522(f) unless the lien attached <u>after</u> the debtor acquired his interest in the property. The Court held that if the Debtor acquired his interest in the property by division in a divorce action and the lien attached in the same decree, then the lien may not be avoided because attachment of the lien was coincident with, not subsequent to, acquisition of the debtor's interest in the property. Therefore, in this case since the car repair business was begun after the marriage and was (according to the divorce decree) community property, and since the Debtor acquired his interest in that property in the same decree in which the lien attached, the Debtor may not avoid the lien in the car repair

---

equal shares, such payment is required to make the portions respectively assigned to them of equal value." *Handley v. Handley*, 122 S.W.3d 904, 909 (Tex. App.-Corpus Christi 2003, no pet.)

[2] "The lien presently disputed before this court is not a judgment lien, however, despite its earlier characterization as such by this court at 592 S.W.2d 77. Rather, the lien expressly given to Mrs. Day by the domestic relations court is rooted in equity, does not owe its existence to any statute and can stand independent of any statutory recording requirements, at least as to the parties to the divorce." *Id* at 198.

business and its assets. Although *Farrey* was decided under Wisconsin law, Judge Hittner holds that the result would be the same in Texas:

> Texas law treats pre- and post-divorce interests in community property in a manner similar to that set out in *Farrey*. [*In re Finch*, 130 B.R. 753 (SDTX, 1991).

In *Matter of Parish* 7 F.3d 76 (5th Cir, 1993) the Court Of Appeals for the Fifth Circuit held that an equitable lien under Texas law was avoidable when it attached to a husband's separate property that was acquired before the lien attached. Therefore, the lien on the mobile home and the lien on land on which the car repair business is operated, can be avoided under § 522(f).

*Does the lien impair the Debtor's exemptions?*

The 7 acres and the mobile home were claimed as exempt, no objections were filed, and the parties do not dispute that the property is exempt. Therefore, the lien impairs the Debtor's exemptions.

*Is the lien a judicial lien?*

Bankruptcy Code § 101(36) defines "judicial lien" as a lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding.

In *In re Christie*, 218 BR 27 (Bankr. D.N.J. 1998), *[op vacated* on jurisdictional issues 222 BR 64]. the Bankruptcy Court for the District of New Jersey has provided an interesting approach to this question:

> Generally, the Bankruptcy Code envisions three (3) types of liens: judicial liens; statutory liens; and security interests or consensual liens ... *Graffen v. City of Philadelphia*, 984 F.2d 91, 95 (3d Cir.1992); 9A *Am.Jur.2d Bankruptcy* § 1224 (1991). [*In re Christie*, 218 BR 27 (Bankr. D.N.J. 1998), *op vacated* on jurisdictional issues 222 BR 64.]

And suggests that

> A judicial lien should not be confused with a judgment lien. A judicial lien describes any lien obtained through use of a court related action. A judgment lien is one form of a judicial lien. David G. Epstein, *Bankruptcy and other Debtor-Creditor Law in a Nutshell*, 42, n. 7 (West 5th ed. 1995). [*Id* at 39.]

The opinion provides a digest of decisions addressing whether marginal judicial or administrative action generate judicial liens:

> A "judicial lien" is a "lien obtained by judgment, levy, sequestration, or other legal or equitable process" or court-related action. 11 U.S.C. § 101(36). Further, a judicial lien is also defined as "a charge against or interest in property to secure a payment of a debt." *In re Ashe*, 669 F.2d 105, 107 (3d Cir.1982), *cert. denied*, 465 U.S. 1024, 104 S.Ct. 1279, 79 L.Ed.2d 683 (1984). Additionally, courts have held that any liens obtained by the judicial or administrative adjudicatory process are judicial liens. See *Ashe*, 669 F.2d at 107-108 (lien obtained by confessed judgment was a judicial lien because its validity and effectiveness required subsequent judicial action); *In re Gardner*, 685 F.2d 106 (3d Cir.1982), *cert. denied*, 459 U.S. 1092, 103 S.Ct. 580, 74 L.Ed.2d 939 (1982) (public welfare lien on real property of debtor under a signed public assistance reimbursement agreement containing confession of judgment provisions were judicial liens because the notes were not valid and enforceable until filed as judgments); *See also, In re Barbe*, 24 B.R. 739 (Bankr.M.D.Pa.1982) (overpayment of unemployment compensation was a judicial lien because the lien held by debtor was preceded by an administrative adjudicatory process tantamount to a judicial proceeding); *4 Collier on Bankruptcy* ¶ 7.04[4], P. 7-34 (Matthew Bender 15th ed. Revised). [*Id.*]

Finally, in footnote 13, the *Christie* opinion discusses the split in authority concerning whether an equitable lien can be a judicial lien for Bankruptcy Code purposes:

> There are some courts that recognize equitable liens. The Third Circuit defines an equitable lien as "the agreement to charge specific property with the payment of a debt." *Gardner v. Commonwealth of Penn., Dept. of Public Welfare*, 685 F.2d 106, 108 (3d Cir.1982). There is, however, some disagreement among the circuit courts, as to whether an equitable lien can be a judicial lien. *In re Donahue*, 862 F.2d 259 (10th Cir.1988). Some courts have found equitable liens to be judicial liens. *In re Pederson*, 78 B.R. 264 (9th Cir. BAP 1987); *In re Dudley*, 68 B.R. 426 (Bankr.S.D.Fla.1986).
>
> Conversely, other courts have held that an equitable lien does not fall within the concept of a judicial lien and therefore is not avoidable under section 522(f)(1). *In re Gugenhan*, 55 B.R. 507 (Bankr.D.Kan.1985); *In re Lodek*, 61 B.R. 66 (Bankr.W.D.Tex.1986); *In re Miller*, 58 B.R. 192 (Bankr.S.D.Tex.1985). Nonetheless, where the lien arises from a divorce decree, irrespective of whether that lien is called an equitable lien, vendors lien or security interest, the lien is considered a judicial

lien. *Farrey v. Sanderfoot*, 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991).

In *Farrey*, the Supreme Court noted that it was not deciding whether an equitable lien imposed in a divorce decree was a judicial lien.[3] But one basis of the *Farrey* decision, *i.e.* that the logic of its statutory analysis "comports with the provision's purpose and history" suggests that the Court considered the divorce decree action to create a judicial lien. And the plain language of Bankruptcy Code § 101(36) indicates that it is. The equitable lien is clearly a lien " ... obtained by legal or equitable process or proceeding." Therefore, this Court concludes that the owelty lien is a judicial lien.

*Is the lien in the nature of alimony, maintenance or support?*

The divorce decree says that it is a lien for equitable division of property, and no evidence was introduced to the contrary. The Court concludes that it was not for alimony, maintenance, or support.

## CONCLUSION

For reasons set forth above, the Court concludes that the owelty lien is not avoided with respect to the car repair business and its assets described in the divorce decree as

> The shop known as FAIR'S AUTO REPAIR and/or B&S AUTO REPAIR located at 2426 Highway 59, Goliad Texas 77963 or by any other subsequent name used by ESTER VAN FAIR and any and all inventory, tools, machiner, all bank accounts associated with the business.

The owelty lien in the divorce decree of the 267th Judicial District Court, Goliad County, Texas dated May 6, 2004 is avoided with respect to the mobile home and the acreage declared by the Debtor in his bankruptcy schedule C as exempt, located at 2426 Hwy 59, Goliad, Texas.

The parties did not present evidence or argue whether the tin building was part of the real property or whether it was subject to execution under Texas law separate from the land. Although the presentation of evidence and legal argument did not address the issue, the Court believes that the building became part of the land and consequently Johnson was entitled only to a claim for enhancement in the value of the Debtor's real property. Therefore, the owelty lien does not attach

---

[3] "Farrey does not challenge the Court of Appeals' determination that her lien was a judicial lien, 899 F.2d, at 603-605, nor do we address that question here." 500 U.S. at 295.

to the building (tin shed) but only to the equipment, bank accounts, and other assets of the car repair shop, *see Matter of Parish* 7 F.3d 76 (5th Cir, 1993).

SIGNED    October 31, 2005

_____
WESLEY W. STEEN
UNITED STATES BANKRUPTCY JUDGE